## THE TOWN OF CROMWELL *vs.* THE CONNECTICUT BROWN STONE QUARRY COMPANY.

A town has no power to agree, for a valuable consideration, to discontinue a highway. The mode of discontinuing highways is fixed by statute, with a provision for an appeal by any party aggrieved, and a town cannot, at its mere pleasure, discontinue them.

And a town cannot enforce a promise of the other party of which its own promise to destroy a public right was the consideration.

ACTION for breach of a contract to construct and open a highway; brought to the Superior Court in Middlesex County. The defendants demurred to the complaint, and the court (*Hovey, J.*) held it insufficient. The plaintiffs then amended the complaint, and the defendants again demurred, and at a later term the court (*Sanford, J.*) sustained the demurrer and rendered judgment for the defendants. The plaintiffs appealed to this court. The case is sufficiently stated in the opinion.

*S. A. Robinson* and *A. W. Bacon*, for the appellants.

*S. L. Warner*, for the appellees.

PARDEE, J.   In 1869 Elisha Bloomer owned a tract of land in the town of Cromwell through which passed a highway which we will designate as highway No. 1. The town

voted that if he would pay to it $3,000 and at his own expense construct, deed to it, and keep in repair for five years, another highway across the land, which we will designate as No. 2, in a course and manner to be approved by its selectmen, it would authorize and direct them to discontinue No. 1, and if he would execute a written agreement to construct at his own expense, and deed to it within five years thereafter, another highway across the land which we will designate as No. 3, in a course and manner to be approved by its selectmen or its committee, and would secure the performance of this last agreement by a mortgage of the land, he might close up No. 2. In the same year he deeded to the town the land necessary for highway No. 2, to be held until he should construct and convey No. 3, upon condition that No. 2 should then be discontinued and revert to himself, and agreed at his own cost to construct and keep in repair No. 2 for five years.

Subsequently the Cromwell Brown Stone Quarry Company became the owner of the land, and the town having extended for five years the time within which highway No. 3 should be completed, the company executed its bond to the town in the sum of $4,000, conditioned upon the performance of the agreement of Bloomer as to highways Nos. 2 and 3. Subsequently the defendant became, and now is, the owner of the land, and refuses to construct highway No. 3. The town claims a decree enforcing the immediate construction thereof and $4,000 damages. Upon demurrer the case is reserved for the advice of this court.

Bloomer, in entering into the contract to construct and deed highway No. 3 to the town, took to himself five years in which to perform it; and in behalf of his successor in ownership the town added five years more; so that the consideration underlying his agreement is the promise of the town that at the end of ten, possibly of more years, a highway existing thus long may be discontinued and be enclosed by him. This promise the town had no power to make or fulfil. The statute (Revision of 1875, p. 237, chap. 7, § 35,) provides that "the selectmen of any town may, with

its approbation, by a writing signed by them, discontinue any highway or private way therein, except where laid out by a court or the General Assembly;. and any person aggrieved may be relieved by application to the Superior Court, to be made and proceeded with in the manner prescribed in the twenty-ninth section of this act." Therefore discontinuance is not at the pleasure of the town, but is the result of judicial investigation and determination over which it has no control. And notwithstanding the fact that Bloomer undertook to reserve the right at some indefinite day in the future to recall his dedication, it may well happen that long before that day the use of the way may have been such that the necessities and convenience of the unorganized public may require its continuance; and if such should be the case it must be continued regardless of votes or contracts.

The right of the plaintiff to ask for a decree compelling the construction of way No. 3, rests upon its promise to destroy a public right. But the court will not sacrifice that right for the purpose of enforcing a private contract concerning it.

It is not necessary to consider other questions raised.

There is no error in the judgment complained of.

In this opinion the other judges concurred.